*FOR PUBLICATION*

```
IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
          DIVISION OF ST. CROIX
           APPELLATE DIVISION
```

| | |
|---|---|
| METRO MOTORS, SC, INC., | ) D.C. Civ. App. No. 2004/0145 |
| | ) Super. Ct. Civ. No. 137/2004 |
| Appellant, | ) |
| | ) |
| v. | ) |
| | ) |
| ANGELA MILLER, | ) |
| | ) |
| Appellee. | ) |

Appeal from the Superior Court of the Virgin Islands
Superior Court Judge: Hon. Darryl D. Donohue

Considered: March 30, 2010
Filed: October 12, 2011

BEFORE: **CURTIS V. GÓMEZ**, Chief Judge, District Court of the Virgin Islands; **RAYMOND L. FINCH**, Judge of the District Court of the Virgin Islands; and **JAMES S. CARROLL III**, Judge of the Superior Court of the Virgin Islands, sitting by designation.

**APPEARANCES:**

Rosh D. Alger, Esq.,
St. Thomas, U.S.V.I.
    Attorney for Appellant,

Rhonda Hospedales, Esq.,
St. Croix, U.S.V.I.
    Attorney for Appellee.

**Memorandum Opinion**

*Metro Motors, SC, Inc. v. Angela Miller*
D.C. Civ. App. No. 2004/0145
Memorandum Opinion
Page 2

The issue presented by this appeal is whether the Superior Court abused its discretion in denying the appellant's motion to vacate default judgment.[1]

## I.   FACTUAL AND PROCEDURAL POSTURE

Angela Miller ("Miller" or "Appellant") filed an action for damages and breach of warranty against Metro Motors, Inc. ("Metro") and Ford Motor Company ("Ford"), on March 18, 2004. Miller's claim appears to aver that Metro sold her a defective vehicle.[2]

On March 26, 2004, Miller personally served Vanessa Bellot of CT Corporation Systems, Inc. ("CT") with a complaint and summons.[3] CT was Metro's registered agent at the time of service. The return of service was filed with the Superior Court on April 22, 2004.[4]

---

[1] At the time the trial court considered this matter, it was known as the Territorial Court of the Virgin Islands and its judges were referred to as Territorial Court Judges. Effective January 1, 2005, however, the name of the Territorial Court changed to Superior Court of the Virgin Islands. *See* Act of Oct. 29, 2004, No. 6687, sec. 6, § 2, 2004 V.I. Legis. 6687 (2004). Recognizing this renaming, we employ the term Superior Court.

[2] Miller's complaint was not included in the parties' filings.

[3] CT is a foreign corporation licenced to do business in the Virgin Islands.(Appellant's Br. at 1.)

[4] Metro does not dispute that service was perfected through process server Renix Charles.

*Metro Motors, SC, Inc. v. Angela Miller*
D.C. Civ. App. No. 2004/0145
Memorandum Opinion
Page 3

On or about the same day as receiving service, CT mailed a copy of the summons and complaint to Metro's president, T.J. Johnson ("Johnson"). Pursuant to Superior Court Rule 32, Metro had until April 15, 2004, to file an answer.[5]

At the time of service, Mr. Johnson was Metro's president. He resided in the mainland United States and was not involved with Metro's day to day operations. Joe Annis ("Annis") was Metro's general manager and ran Metro's St. Thomas and St. Croix dealerships. By Metro's account, Mr. Annis was not informed about the summons and complaint until May 27, 2004.

On May 18, 2004, Miller moved for default, and on May 19, 2004, the clerk of the Superior Court entered default. According to Metro, its attorney subsequently contacted Miller's attorney to request an extension of time to answer the complaint. Miller denied the request. On June 7, 2004, Metro filed a proposed answer and moved to set aside the default. The Superior Court denied Metro's motion.

---

[5] Pursuant to Superior Court Rule 32,

> a) The defendant may defend by entering his appearance before the clerk or by filing an answer with the clerk within <u>20 days</u> after service of the summons and complaint. Upon request, the clerk shall acknowledge, in writing, an entry of appearance.

*Id.* (emphasis added.)

*Metro Motors, SC, Inc. v. Angela Miller*
D.C. Civ. App. No. 2004/0145
Memorandum Opinion
Page 4

On July 1, 2004, Miller moved for judgment on the default. On July 8, 2004, the Superior Court granted Miller's request and judgment issued. Metro countered by moving to vacate the default judgment.[6] On September 1, 2004, the court denied Metro's request to vacate. This timely appeal followed.[7]

## II. JURISDICTION AND STANDARD OF REVIEW

This Court has appellate jurisdiction over the Superior Court's final judgment pursuant to Revised Organic Act of 1954 § 23A, 48 U.S.C. § 1613a; V.I. CODE ANN. tit. 4, § 33 (2004 Supplement). An appeal of an entry of default judgment is reviewed for the trial court's abuse of discretion. *Caesar v. FirstBank Puerto Rico*, 2008 U.S. Dist. LEXIS 52809 (D.V.I. App. Div. June 3, 2008)(citing *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 73 (3d Cir. 1987).

## III. ANALYSIS

The decision to vacate a default judgment is left to the sound discretion of the trial court. *Zawadski De Bueno v. Bueno Castro*, 822 F.2d 416, 420 (3d Cir. 1987). This discretion, however, is exercised within margins firmly fixed by statute and

---

[6] The date that Metro moved to vacate is indiscernible from the record.

[7] Ford neither filed a notice of appeal, nor an appellate brief.

*Metro Motors, SC, Inc. v. Angela Miller*
D.C. Civ. App. No. 2004/0145
Memorandum Opinion
Page 5

common law.[8] One of these common law boundaries is the Third Circuit's long-standing policy generally disfavoring default judgments, and encouraging decisions on the merits.[9] *See Harad v. Aetna Cas. and Sur. Co.*, 839 F.2d 979, 982 (3d Cir. 1988). Hence, it is well established, that in close cases, doubts should be resolved in favor of setting aside the default and reaching the merits. *Zawadski*, 822 F.2d at 416.

Rule 60(b) of the Federal Rules of Civil Procedure further provides in relevant part that, "on motion and upon such terms as

---

[8] There are several ambiguities in the record submitted. For instance, the Superior Court's final order under review fails to indicate whether it was premised on: Superior Court Rule 50(setting aside defaults or judgments and new trials); Federal Rule of Civil Procedure 55(c)(setting aside a default or a default judgment for good cause shown); or Fed. R. Civ. P. 60(b)(relief from judgment or order).
To the benefit of our review, Super Ct. Rule 50, Fed. R. Civ. P. 55(c) and Fed. R. Civ. P. 60(b) are ultimately controlled by the common standard articulated in Fed. R. Civ. P. 60(b), namely: "1) whether vacating the judgment will visit prejudice on the plaintiff[s], 2) whether defendant has a prima facie meritorious defense, and 3) whether the default was a result of the defendant's culpable or inexcusable conduct." *See* Fed. R. Civ. P. 60(b); *see also Caesar*, 2008 U.S. Dist. LEXIS 52809 (evaluating Fed. R. Civ. P. 55), *at 5-6; *see also Skinner v. Guess*, 27 V.I. 193, 196 (D.V.I. 1992); Super. Ct. R. 50 and Fed. R. Civ. P. 55(c). Our substantive review is, therefore, undiminished by this slim record.

[9] *See Budget Blinds, Inc. v. White*, 536 F.3d 244, 258 (3d Cir. 2008); *see also Medunic v. Lederer*, 533 F.2d 891 (3d. Cir. 1976)(motions to set aside default should be construed liberally, and any doubts are resolved in favor of the moving party).

*Metro Motors, SC, Inc. v. Angela Miller*
D.C. Civ. App. No. 2004/0145
Memorandum Opinion
Page 6

are just, the court may relieve a party or a party's legal representative from a final judgment order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; . . . (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b); *Judi's of St. Croix Car Rental v. Weston*, 2008 V.I. Supreme LEXIS 12 (2008); *Skinner v. Guess*, 27 V.I. 193, 196 (D.V.I. 1992).

When considering a motion to vacate default judgment under Rule 60(b), trial courts must specifically weigh whether vacating default would, "visit prejudice on the plaintiffs, whether the defendant has a prima facie meritorious defense and whether the default was a result of the defendant's culpable or inexcusable conduct." *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 73 (3d Cir. 1987); *Zawadski*, 822 F.2d at 419-420; *Gold Kist, Inc. v. Laurinburg Oil Co., Inc.*, 756 F.2d 14, 19 (3d Cir. 1985). The trial court's evaluation of these three factors is critical to balancing the salutary purposes of the rule - namely, to advance stale, inactive claims while allowing active litigants access to their proverbial 'day in court'. Here, the trial court's failure to consider these factors is significant.

In *Medunic v. Lederer*, the Third Circuit Court of Appeals held that, "a trial court cannot rest its denial of a motion to set aside default judgment on the defendant's negligent failure

*Metro Motors, SC, Inc. v. Angela Miller*
D.C. Civ. App. No. 2004/0145
Memorandum Opinion
Page 7

to timely plead [], without determining whether prejudice would accrue to the plaintiff if the motion were granted, and whether a meritorious defense has been presented in support of the set aside motion. 533 F.2d 891, 893 (3d Cir. 1976)(reversing and remanding trial court decision denying the defendant's motion to set aside default judgment). In *Medunic*, the Third Circuit held that untimely pleading alone is not a sufficient basis as a matter of law to deny a motion to vacate default judgment; and that "liberality" not "strictness" should be applied when acting on a motion to st aside default judgment. *Id.* Untimely pleading is all that we have here.

Here, Metro Motors moved to vacate after it did not answer the complaint in time. Rather than weigh the pertinent factors, the trial court summarily denied Metro's motion to vacate default judgment without articulating any reasons for doing so. (J.A. 52, 56.) Over seventeen years ago, in *Skinner v. Guess*, the District Court of the Virgin Islands squarely addressed this issue. *Skinner*, 27 V.I. at 197. In *Skinner*, the court held that the trial court abused its discretion when it " . . . did not make findings concerning the factors it must consider in vacating default judgment". *Id.*; *see also Farnese v. Bagnasco*, 687 F.2d at 761, 765-66 (3d Cir. 1982)(same); *In re MacMeekin*, 722 F.2d 32, 34-36 (3d Cir. 1983)("in default judgment cases, we have

*Metro Motors, SC, Inc. v. Angela Miller*
D.C. Civ. App. No. 2004/0145
Memorandum Opinion
Page 8

commented on the desirability of allowing cases to proceed on the merits. Before dismissal is ordered, we have urged the appraisal of less severe measures"); see also *Emcasco Ins. Co.*, 834 F.2d at 74 (a trial court is required to evaluate facts prior to denying motion to re-open, or set aside).

More recently, in 2008 we held that, "for an appellate court to properly exercise its function of reviewing for abuse of discretion, the trial court must make explicit findings concerning the . . . factors [evaluated] in rendering judgment by default or dismissal, or in declining to reopen such judgment." *Caesar*, 2008 U.S. Dist. LEXIS 52809, *at 12. In *Caesar*, we concluded that the Superior Court abused its discretion when it failed to explain its reasons for denying the appellant's motion to set aside default judgment. *Id.* *at 13.

Even on this gaunt record, it is plain that the trial court did not pursue the analysis mandated by our precedent. For example, there was no reasoned consideration given to: whether Miller would be prejudiced; whether Metro's proffered answer raised a potentially meritorious prima facie defense or; whether Metro's proffered reason for its approximately two and half month delay constituted excusable neglect.[10]

---

[10] March 18, 2004 to June 3, 2004.

*Metro Motors, SC, Inc. v. Angela Miller*
D.C. Civ. App. No. 2004/9145
Memorandum Opinion
Page 9

Without the trial court's explicit determinations regarding prejudice to Miller, the prima facie merits of Metro's defense or whether excusable neglect existed, we cannot properly review the Superior Court's final decision for abuse of discretion. *See id.*

## V. CONCLUSION

For the reasons cited above, we reverse the Superior Court's dismissal order and remand this matter with instructions for the Superior Court to conduct proceedings consistent with this opinion. In so doing, we suggest that the trial court remain mindful of the Third Circuit Court's policy generally disfavoring default judgments. *See Caesar*, 2008 U.S. Dist. LEXIS 52809, *at 12 n.23 (citing *Zawadski de Bueno*, 822 F.2d at 420). An order consistent with this opinion shall follow.